1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| DENA P., | |
|---|---|
| Plaintiff, | CASE NO. 3:19-CV-5929-DWC |
| v. | ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes that the Administrative Law Judge ("ALJ") erred by not evaluating the opinion of Plaintiff's treating physician, Dr. Kowdley. Had the ALJ considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations.

1    Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C.
2  § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings
3  consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On August 16, 2016, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of March 22, 2015. *See* Dkt. 6, Administrative Record ("AR") 15, 235-36. Her application was denied upon initial administrative review and on reconsideration. AR 15, 122-28, 130-36. A hearing was held before ALJ Malcolm Ross on July 11, 2019. AR 46-89. In a decision dated October 30, 2018, the ALJ found that Plaintiff was not disabled. AR 12-24. The Social Security Appeals Council denied Plaintiff's request for review on July 31, 2019. AR 1-6. The ALJ's decision of October 30, 2018 is the final decision of the Commissioner subject to judicial review. See 20 C.F.R. § 404.981.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to consider an opinion from Plaintiff's treating hepatologist, Kris Kowdley, M.D.; (2) failing to provide germane reasons for discounting a third-party statement from Plaintiff's friend, Jan Sachs; and (3) impermissibly cherry-picking evidence when evaluating the opinions of non-examining state agency psychologists John Robinson, Ph.D. and Renee Eisenhauer, Ph.D. Dkt. 8, pp. 3-14.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.     Whether the ALJ properly evaluated the medical opinion evidence.**

Plaintiff contends that the ALJ erred by failing to consider an opinion from her treating hepatologist, Dr. Kowdley. Dkt. 8, pp. 6-10.

The Ninth Circuit has held that failing to discuss a medical opinion does not constitute harmless error. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the ALJ's disregard for Dr. Johnson's medical opinion was not harmless error and Dr. Johnson's opinion should have been considered") (citing 20 C.F.R. § 404.1527(c) (noting that this regulation requires the evaluation of "every medical opinion" received)).

When the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, such as an opinion from an acceptable medical source, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *Id.* at 1161. Furthermore, when the RFC is incomplete, the hypothetical question presented to the vocational expert relied on at step five necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *Id.* at 1162.

On October 31, 2016, Dr. Kowdley opined that Plaintiff would be unable to work due to the extreme fatigue caused by her primary sclerosing cholangitis. AR 735-36. The ALJ did not discuss or assign weight to this opinion. Defendant concedes that the ALJ did not evaluate Dr. Kowdley's opinion but contends that this constitutes harmless error because Dr. Kowdley's opinion did not provide functional limitations helpful to the ALJ in formulating the residual functional capacity. Dkt. 9, pp. 5-6.

Specifically, Defendant contends that Dr. Kowdley explicitly checked "does not apply to diagnosis" in every single functional limitation category. *Id.* Defendant also contends that Dr.

Kowdley offered an opinion on a determination of disability reserved for the Commissioner of Social Security. *Id.* at 6.

First, the reasons Defendant cites for discounting Dr. Kowdley's opinion were not cited by the ALJ in the hearing decision and constitute improper post-hoc rationalizations. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (The Court cannot affirm an ALJ's decision on a ground that the agency did not invoke in making its decision) (internal citations omitted).

Second, Dr. Kowdley's decision to check "does not apply to diagnosis" in every single functional limitation category does not invalidate his opinion or render it useless for purposes of assessing disability. The check-box form provided to Dr. Kowdley only permitted him to assess Plaintiff's exertional, postural, manipulative, and environmental limitations. AR 735-36. The form does not include a box for fatigue, and Dr. Kowdley's decision to check "does not apply to diagnosis" next to all these limitations while offering a separate opinion concerning Plaintiff's fatigue-related limitations is consistent with his diagnosis.

Third, the Court cannot say that Dr. Kowdley's opinion concerning Plaintiff's fatigue-related limitations would have been unhelpful to the ALJ in formulating the RFC had it been considered. A finding that a physician's opinion is too vague to be useful in making a disability determination can serve as a specific and legitimate reason for discounting that opinion. *See* 20 C.F.R. §404.1527(c)(3) (The better an explanation a source provides for a medical opinion, the more weight the Social Security Administration will give that medical opinion.); *see also Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (holding that statement that the plaintiff would have "decreased concentration skills" was too vague to be useful in the disability determination).

However, the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Dr.

Kowdley's opinion that Plaintiff would have "extreme" fatigue-related symptoms due to her primary sclerosing cholangitis is sufficiently specific for the ALJ to assess RFC limitations consistent with Dr. Kowdley's opinion.

Fourth, the Social Security Administration gives no "special significance" to the source of an opinion on issues reserved to the Commissioner, such as whether an individual is "disabled" pursuant to Social Security regulations. 20 C.F.R. § 404.1527(d)(1)-(3). However, the Ninth Circuit has held that a doctor's opinion that it was unlikely that the claimant could sustain full-time competitive employment is not a conclusion reserved to the Commissioner, but is "an assessment based on objective medical evidence of [the claimant's] likelihood of being able to sustain full-time employment given the many medical and mental impairments [claimant] faces and her inability to afford treatment for those conditions." *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (citing 20 C.F.R. § 404.1527(d)(1)). Dr. Kowdley's opinion that Plaintiff would be unable to sustain full-time employment due to extreme fatigue is a similar assessment based on Plaintiff's treating relationship with Dr. Kowdley.

Fifth, Defendant argues that harmless error analysis applies in Social Security cases even when an ALJ ignores an opinion from a treating physician. Dkt. 9, pp. 5-6, citing *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). Here, the Court cannot say that the ALJ's failure to consider Dr. Kowdley's opinion constitutes harmless error. The RFC assessed by the ALJ does not include fatigue-related functional limitations, and the vocational expert testified at the hearing that the inclusion of work restrictions related to Plaintiff's fatigue could result in absenteeism and off-task limitations consistent with a finding of disability. AR 19, 82-84.

Accordingly, the ALJ erred by not evaluating Dr. Kowdley's opinion.

## II.  Other Issues.

Plaintiff contends that the ALJ erred in evaluating a lay witness statement from Plaintiff's friend, Jan Sachs, and engaged in impermissible cherry-picking when evaluating the opinions of non-examining state agency psychologists Dr. Robinson and Dr. Eisenhauer. Dkt. 8, pp. 3-6, 10-14. Because Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's evaluation of Dr. Kowdley's opinion may impact his evaluation of the remaining opinion evidence and Ms. Sachs' statement, the ALJ shall re-evaluate this evidence on remand.

## III.  Additional Evidence.

The record contains evidence submitted by Plaintiff after the ALJ issued his decision. AR 30-45. The Appeals Council denied review of Plaintiff's claim and opted not to exhibit this evidence, reasoning that it did not show a reasonable probability of changing the outcome. AR 2.

This Court must consider this additional material in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

The evidence in question consists of a July 2018 opinion from Chaim Ross, M.D., who opined that Plaintiff's extreme fatigue meant that she would be unable to sustain even part-time work as of March 20, 2018. AR 30-34. The new evidence also contains treatment notes, diagnostic imaging results, and an April 2017 opinion from Anne Croghan, ARNP. AR 35-45. On remand, the ALJ shall evaluate this evidence when ascertaining whether Plaintiff was disabled.

**IV.     Remedy.**

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The Court has determined that the ALJ must evaluate Dr. Kowdley's opinion and the evidence submitted by the Plaintiff after the hearing and because the ALJ's evaluation of Dr. Kowdley's opinion may impact his evaluation of the remaining opinion evidence and Ms. Sachs' statement, the ALJ shall re-evaluate this evidence on remand. Accordingly, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 22nd day of April, 2020.

David W. Christel
United States Magistrate Judge